Dear Mr. Duhon:
On behalf of the Board of Commissioners of the Vermilion Parish Hospital Service District No. 2 ("Hospital Service District"), you have requested an opinion of this Office regarding the legality of a hospital district acquiring property for the sole purpose of exchanging that property for another tract in order to construct a medical office complex on the latter tract. Specifically, you ask the following questions:
 1) Can a Hospital Service District acquire property solely for the purpose of exchanging the newly acquired property for a different tract of land needed for a public purpose?
 2) Does La. Atty. Gen. Op. No. 04-0234 apply to this scenario, as contrary to the port commission in that opinion, the Hospital Service District that is the subject of this request is authorized to exchange property under La. Const. Art. VI, Sec. 23?
In order to fully appreciate the legal implications of your questions, it is necessary to frame those questions with a recapitulation of the facts that have led to your request. In your request, you note that the Hospital Service District owns tracts two through twelve of a particular block in Vermilion Parish. The Hospital Service District intends to construct a new medical complex on that property, but it needs the entire block for the complex. The owner of tract one of the block (the only remaining tract not owned by the Hospital Service District) is unwilling to sell his property. However, he is willing to exchange the property for another tract. Thus, the Hospital Service District wants to acquire the other tract for the sole purpose of exchanging it for the final remaining tract on the block.
As an initial matter, you note that the Hospital Service District is a political subdivision created under the authority of La. R.S. 46:1051 et seq. This classification is supported by La. Atty. Gen. Op. No. 84-70 and Bertrand v. Sandoz,255 So.2d 754 (La. 1971). *Page 2 
The Louisiana Constitution, Article VI, Section 23, states, in pertinent part, that, "subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation,exchange, or otherwise" (emphasis added). Louisiana Revised Statute 46:1064(A) clearly grants the power to the Hospital Service District to "purchas[e] and acquir[e] lands . . . necessary to carry out the purposes of" the Hospital Service Districts chapter of the Revised Statutes. It should be noted that there is no clear restriction in the relevant constitutional or statutory provisions against the acquisition of property for the purposes of exchange.
In your request letter, you cite La. R.S. 46:1062 as support for the proposition that the Hospital Service District can acquire the property that it needs through exchange of unrelated property acquired for that specific purpose. We disagree with this interpretation, as it is our opinion that this is an overly broad reading of La. R.S. 46:1062. That statute grants the commissioners of a hospital service district the power to have constructed necessary medical facilities. It does not contemplate how the underlying property on which a medical facility is to be constructed is to be acquired. A similar result follows from your analysis of La. R.S. 46:1052. Again, this provision concerns the operation of medical facilities within a hospital service district, not the acquisition of the property on which those operations are to occur.
Regarding your analysis of La. R.S. 46:1074, concerning the power of hospital service districts with respect to immovable property, we agree that this statute would allow the Hospital Service District to sell or convey immovable property that it owns. This statute states, in pertinent part, that, "a hospital service district . . . may sell and convey immovable property to any person or legal entity if the fair market value of the property, as determined by an appraisal, does not exceed" several amounts that are far in excess of the $30,000.00 that you note would be the value of the property that the Hospital Service District intends to purchase.
A common definition of the term "convey" supports an interpretation that a hospital service district is not restricted from exchanging property. "Convey" is simply defined as "[t]o transfer or deliver to another. To pass or transmit the title of property from one to another." Joseph R. Nolan Jacqueline M. Nolan-Haley, Black's Law Dictionary, 6th ed., 333 (West 1990). The fact that the activity contemplated by the Hospital Service District is permitted is further supported when a definition of the term "exchange" is considered. "Exchange" is defined as "[t]o part with, give or transfer for anequivalent." Id. at 562 (emphasis added). The fact that "convey" and "exchange" both encompass a transfer of property is telling of the fact that the exchange of property for another parcel of property was envisioned by the drafters of La. R.S.46:1074. Thus, it is our opinion that the Hospital Service District may exchange property for other property of equivalent value without running afoul of the Louisiana Constitution or the Revised Statutes. The matter of equivalency is discussed in more detail below. *Page 3 
Your second question asks how La. Atty. Gen. Op. No. 04-0234 applies, if at all, to this scenario. We can find no language in the law on which that opinion is based, La. R.S. 34:1451 etseq., that is similar to the "sell and convey" language in La. R.S. 46:1074. Thus, it is our opinion that the conclusion of that opinion, that the Krotz Springs Port Commission cannot acquire property for the sole purpose of exchanging it for other property, is not applicable here. What is envisioned by the hospital service district laws' "sell and convey" language is something broader than any of the language related to the Port Commission's powers under La. R.S. 34:1451 et seq. Thus, it is clear that because La. Atty. Gen. Op. No. 04-0234 is based on different law than are the conclusions of this opinion, the two are not in conflict and the narrow property exchange allowance identified in this opinion does not undermine earlier opinions of this Office.
Although La. Const. Art. VI, Sec. 23 allows political subdivisions to acquire property by purchase, which is what the Hospital Service District would be doing to obtain the tract to exchange with the owner of tract one, it also requires this purchase to be accomplished for a public purpose. Can it then be said that the Hospital Service District's proposed purchase of an unrelated tract of land for the sole purpose of exchanging that tract for another tract that is needed to facilitate the construction of a medical complex is a public purpose? Under the reasoning in La. Atty. Gen. Op. No. 04-0234, this question has two parts for exchange purposes: 1) can the necessary property be acquired through other means? and 2) is a public purpose served?
As to question one, unlike the scenario in La. Atty. Gen. Op. No. 04-0234, the Hospital Service District has clearly demonstrated that, due to the reluctance of the current owner of the tract one, the exchange that is the subject of your request is the only means by which tract one may be acquired by the Hospital Service District. Again, as contrasted with La. Atty. Gen. Op. No. 04-0234, the exchange is directly related to a planned project.
As to question two, it is unquestionable that the provision of medical services to a community constitutes a public purpose. In this vein, this Office has previously noted that "the availability of modern, nearby medical facilities, for the needy as well as the general public, serves a public purpose . . . so long as the public benefits from these facilities are commensurate with the amount of the public funds expended." La. Atty. Gen. Op. No. 82-446. See also, La. Atty. Gen. Op. Nos. 98-398; 00-02; 04-0208. Thus, as several other opinions of this Office have allowed attenuated links to the provision of medical services to be considered a public purpose, it is the opinion of this Office that the purchase of unrelated property for the purpose of exchanging that property for another tract that does
fulfill a direct public purpose is not a violation of La. Const. Art. VI, Sec. 23. We note that it is the certainty of the use of the purchased property and the medical nature of the intended use that distinguishes this outcome from the outcome in La. Atty. Gen. Op. No. 04-0234. *Page 4 
Although we are of the opinion that the proposed purchase and exchange of property by the Hospital Service District is permissible, as the purchase falls within the relatively narrow definition of public purpose under La. Const. Art. VI, Sec. 23
and because the exchange is permitted by a statute unique to hospital service districts, La. R.S. 46:1074, we must caution the Hospital Service District that it is still limited by the provisions of La. Const. Art. VII, Sec. 14. The reason that we draw your attention to this provision of the Constitution is that, though we opine that the Hospital Service District may purchase property for the sole purpose of exchanging it for a tract of property that is necessary for use in a currently existing project, one that bolsters the availability of medical services in Vermilion Parish, this exchange must not be completely out of proportion as to the value of the two pieces of property. According to La. Const. Art. VII, Sec. 14,
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private
(emphasis added). Thus, if the property that constitutes tract one is worth disproportionately less than the property that it is being exchanged for, it is our opinion that such a transaction would constitute an unlawful donation of property under La. Const. Art. VII, Sec. 14. See, La. Atty. Gen. Op. No. 99-162. However, if the two tracts are not of disproportionate value, then it is our opinion that the exchange of these two tracts does not run afoul of the prohibition against donations in La. Const. Art. VII, Sec. 14. We do not have the facts necessary to determine the proportionality of the values of these two tracts, but feel it necessary to bring this issue to your attention.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________ RYAN M. SEIDEMANN Assistant Attorney General *Page 5 
 OPINION NUMBER 99-162
 OPINION NUMBER 99-162
 90-B-3 PUBLIC LANDS — Public Private domains, distinctions
 90-B-4 PUBLIC MEETINGS — State Local governing bodies
 La. Const. Art. VII, Sec. 14(A); R.S. 46:1064; R.S. 46:1060; R.S.
Hon. Charles R. McDonald 46:1055(A)(4); R.S. 46:1072(2)(a); R.S. 42:4.2; R.S. 42:6.1; R.S.
State Representative 42:6; R.S. 46:1055(3)
P.O. Box 1495
Bastrop, LA 71221-1495 Hospital Service District may not pay more than appraised fair market
 value for land without violating constitutional prohibition of donation
 of public funds. Open Meetings Law must be adherred to in District
 conducting hearing on complaints against officers or employees of the
 District.